# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MAHONEY,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **No. 19-3836** |
| | : | |
| **BITTREX, INC.,** | : | |
| *Defendant.* | : | |

## MEMORANDUM

## I.    INTRODUCTION

Plaintiff John Mahoney is a visually impaired and legally blind individual.

He brings this action on behalf of himself and all others similarly situated for

disability discrimination under Title III of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 *et seq.*, against Defendant Bittrex, Inc. for its failure

to make its website accessible to blind people.  Plaintiff alleges, as a blind person,

he is a member of a protected class of persons under the ADA, Defendant's

website is a "public accommodation" within the definition of 42 U.S.C. § 12181(7)

and, as such, it is subject to Title III of the ADA and the protections it affords

disabled individuals. ECF No. 1 at 15.

Currently before the Court is Defendant's Motion to Dismiss Plaintiff's

Complaint pursuant to Fed. R. Civ. P. 12(b)(6), *see* ECF No. 7, Plaintiff's

Response, *see* ECF No. 12, and Defendant's Reply, *see* ECF No. 14.

## II. BACKGROUND

The facts contained herein are drawn from Plaintiff's Complaint, *see* ECF No. 1, and the Court construes those facts in a light most favorable to Plaintiff.

Plaintiff is a visually impaired and legally blind individual, who cannot use a computer without the assistance of screen-reading software. ECF No. 1 at 8. Defendant is a cryptocurrency exchange company that owns and operates www.bittrex.com ("Website"). *Id.*

When Plaintiff attempted ("at least once in the past") to access Defendant's Website, "he [was] unable to understand" it due to Defendant's "failure to build its Website in a manner that is compatible with screen reader programs." *Id.* As a result, Plaintiff claims he is denied the benefit of "much of the content and services he wishes to access or use" on Defendant's Website. *Id.* Plaintiff describes the access barriers to Defendant's Website in detail. *Id.* at 8-10.

"Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually impaired persons have been and are still being denied equal access to Defendant's Website, and the numerous goods and services and benefits offered to the public through the Website." *Id.* at 10. According to Plaintiff, if Defendant removed the access barriers, he, along with those individuals similarly situated, "could independently research the Website's offerings, including making a purchase." *Id.*

2

At this stage, the Defendant does not dispute that the access barriers exist. Instead, Defendant asserts that it has "no publicly-available physical presence … [and because] Plaintiff does not (and cannot) allege otherwise" its Website is not a "public accommodation" under the ADA. ECF No. 7 at 4-5.

Plaintiff filed his Complaint on August 23, 2019 and Defendant filed the instant Motion to Dismiss. Plaintiff responded to the Motion, Defendant submitted its reply, and the Motion is ripe for review.

## III. STANDARD OF REVIEW

"'The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint,' not the merits." *Walker v. Sam's Oyster House, LLC*, 2018 WL 4466076, at *1 (E.D. Pa. Sept. 18, 2018) (citing *Wainberg v. Dietz & Watson, Inc.*, 2017 WL 5885840, at *2 (E.D. Pa. Nov. 28, 2017)); *see also Liou v. Le Reve Rittenhouse Spa, LLC*, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (citing *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must allege "sufficient factual matter to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.*

The Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

## IV.  DISCUSSION

Plaintiff filed his claim for discrimination in violation of the ADA and requests injunctive and declaratory relief.  Defendant moves to dismiss Plaintiff's claim because the services it offers on its Website "do not constitute 'public accommodations' as the term is used and defined under Title III of the ADA." ECF No. 7 at 4.  Plaintiff contends that the Defendant's Website is a "place of accommodation" under the ADA and recent court decisions. ECF No. 12 at 1.

### A. Place of Public Accommodation under the ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C § 12182(a).  Despite the Third Circuit's holdings in *Peoples v. Discover Fin. Servs., Inc.*, 387 Fed.Appx. 179, 182 (3d Cir. 2010) and *Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998), Plaintiff relies on a decision from the Western District of Pennsylvania, *see Gniewkowski v.*

4

*Lettuce Entertain You Enterprises, Inc.*, 251 F. Supp. 3d 908 (W.D. Pa. 2017) to

support his position that "a website *can be* considered a 'public accommodation'

... and Defendant's website itself falls squarely in that category." ECF No 12 at 2,

5 (emphasis in original). Plaintiff urges this Court to follow the Western District's

lead and find that "[b]ecause [the defendant] owns, operates, and controls the

property through which persons access its services, this matter is distinguishable

from the Ford and Peoples cases." *See Gniewkowski*, 251 F. Supp. 3d at 918.

This Court is not so inclined. The Third Circuit has expressly limited

"public accommodations" to physical places. *See Ford v. Schering-Plough Corp.*,

145 F.3d 601, 613 (3d Cir. 1998); *see also Peoples v. Discover Fin. Servs., Inc.*,

387 F. App'x 179, 183 (3d Cir. 2010) (holding that "public accommodations" are

limited to physical places). A website, by itself, is not a physical location and

therefore does not constitute a place of public accommodation under Section

12182(a) of the ADA. *Walker v. Sam's Oyster House, LLC*, 2018 WL 4466076, at

*2 (E.D. Pa. Sept. 18, 2018) (citing *Tawam v. APCI Fed. Credit Union*, 2018 WL

3723367, at *6 (E.D. Pa. Aug. 6, 2018)).

"The Third Circuit has held, however, that the ADA applies to services and

privileges of a place of public accommodation as long as there is 'some nexus

between the services or privileges denied and the physical place ... as a public

accommodation.'" *Id.* at *2 (citing *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154

F.3d 113, 122 (3d Cir. 1998)); *see also McGann v. Cinemark USA, Inc.*, 873 F.3d

218, 229 (3d Cir. 2017) (finding a nexus between physical location and necessary

auxiliary services). If the cause of action is tethered to the physical location of the

place of public accommodation, a plaintiff must allege an injury suffered in

relation to the place of public accommodation. *Walker*, 2018 WL 4466076, at *2.

Therefore, a website can be a public accommodation under the ADA when "at the

very least" the injury "shares some 'nexus' between the physical place of public

accommodation and the services denied in a discriminatory manner." *Menkowitz*,

154 F.3d at 120 (citing *Ford*, 145 F.3d at 1011); *see, e.g., James v. GEICO Ins.*

*Co.*, 2016 WL 9776068 (E.D. Pa. Nov. 16, 2016).

Here, Plaintiff has not satisfied the Third Circuit's nexus requirement. In

order to survive Defendant's Motion, Plaintiff must allege something more than

the inability to access the information or services on Defendant's Website. The

Website may be subject to the ADA if Plaintiff alleges that it shares some nexus

with a physical place of public accommodation. However, Plaintiff has not alleged

the Website shares a nexus with a physical place of public accommodation and

Defendant maintains such physical places do not exist in this case.

Because the Third Circuit has not extended the ADA's protections to

websites beyond the nexus requirement, this Court cannot. *See Peoples*, 387

Fed.Appx. at 183 ("Despite Peoples's request that we 'clarify or reconsider' our

holding in *Ford* and extend our interpretation of public accommodations to include things other than physical places [], we are bound by our precedent."). Accordingly, this Court is bound by the Third Circuit's "position that the term [public accommodation] is limited to physical accommodations." *Id.* (citing *Ford*, 145 F.3d at 612). Defendant's Website, by itself, is not a public accommodation and, therefore, Plaintiff's claim fails as a matter of law.

## V.    CONCLUSION

Consistent with the reasoning herein, the Court finds that Plaintiff's Complaint fails to state a cognizable claim under Title III of the ADA and Defendant's Motion to Dismiss is granted. The Court will, however, grant Plaintiff leave to amend his Complaint, if proper under the facts and applicable law.

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**Dated:** January 14, 2020

**CHAD F. KENNEY, J.**